IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

ILLINOIS NATIONAL INSURANCE COMPANY, and NEW HAMPSHIRE INSURANCE COMPANY,

        Plaintiffs,

v.           No. CIV 10-627 BB/RLP

UNITED DRILLING, INC., a New Mexico corporation,

        Defendant.

## MEMORANDUM OPINION IN SUPPORT OF STAY

THIS MATTER is before the Court on the Motion of Defendant, United Drilling, Inc., to Dismiss the complaint under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(7) or alternatively to Stay the proceedings [doc. 10]. Having reviewed all submissions of counsel, this Court will stay the proceedings pending the outcome of *Julia Sakura, as Personal Representative v. United Drilling, et al.*, First Judicial District Court, No. D-101-CV-2008-00240 (the "*Sakura* litigation").

### *Standard of Review*

The Court will accept all of the pleader's well-pleaded factual allegations as true, and will draw all reasonable inferences in the pleader's favor. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). The burden of proof lies with the party seeking

the dismissal to demonstrate the "indispensable" nature of the absent party. *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). The parties may produce affidavits and other materials to support their positions regarding the absence of a party under Rule 19. *Id*. The Court decides whether an absent party's interest in the litigation is sufficient to render it a necessary party under Rule 19(a). *See Cross Timbers Oil Co. v. Rosel Energy, Inc.*, 167 F.R.D. 457, n. 1 (D. Kan. 1996) (citation omitted).

## *Facts*

This is an insurance coverage case in which Plaintiffs ("Illinois National" and "New Hampshire," respectively) seek a declaration that they are not obligated to defend or to indemnify United Drilling in the *Sakura* litigation. United Drilling is being defended in the *Sakura* litigation under a reservation of rights, by its workers' compensation and employer's liability insurance carrier, New Mexico Mutual Insurance Company ("New Mexico Mutual").

Plaintiffs filed this declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq.*, naming as Defendants the insured under all the policies, United Drilling Inc. Defendant argues that this Court should exercise its discretion and dismiss or stay these proceedings on the grounds that Plaintiffs, and another insurer that has intervened in the underlying case, are necessary parties to the action and that Plaintiffs should join in the underlying Santa Fe County action.

### *Discussion*

All parties agree that the exercise of jurisdiction under the declaratory judgment act is discretionary. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *United States v. City of Las Cruces,* 289 F.3d 1170, 1179 – 80 (10th Cir. 2002). Under Tenth Circuit precedent this Court is to consider several factors in making this decision, including but not limited to: whether a declaratory action (1) would settle the controversy; (2) would serve a useful purpose in clarifying the legal relations at issue; (3) is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; (4) would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there exists a better or more effective alternative remedy. *See St. Paul Fire & Marine Ins. Co. v. Runyon,* 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

If this Court were to wade into the insurance coverage fray, it would certainly have to resolve the question of whether the actions causing the decedent's death were "intentional or expected" as all three insurance companies allege in their arguments for denying coverage. Since New Mexico Mutual has already raised this issue in the underlying state case, "there exists a better or more effective remedy" for resolving this question. More over, for this Court to resolve this issue now would "increase friction between our federal and state courts" given New Mexico's clear preference for

3

**determining coverage questions in the underlying litigation.** *Foundation Reserve Ins. Co. v. Mullenix*, 642 P.2d 604, 606 (N.M. 1982); *Nance v. Certain Underwriters at Lloyds*, 393 F. Supp. 2d 1115, 1123 (D.N.M. 2005).

**United Drilling also asserts New Mexico Mutual is defending the underlying case under a "reservation of rights" and paying the cost of United Drilling's defense in the state case. (Mot. Dism. p. 2). In their complaint in the present case, Illinois National maintains they too are defending United Drilling under a reservation of rights. (Compl. ¶ 14). Whether either or both insurance companies have a duty to defend United Drilling and/or pay the claim may be largely resolved in the underlying case.** *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989) **(district court should not entertain declaratory judgment if same fact-dependent issues are likely to be decided in another pending proceeding). If not, the picture as to which insurance, if any, is necessary to the resolution of this dispute and their residency for diversity purposes will likely be clarified therein.** *See Garcia v. Hall*, 624 F.2d 150 (10th Cir. 1980); *Wright v. Albuquerque Auto-Truck Stop Plaza, Inc.*, 591 F.2d 585 (10th Cir. 1979).

**Given the potential in the state court proceedings, a stay of the present action is currently the preferable option although dismissal may ultimately be required.** *Wilton v. Seven Falls Co.*, 515 U.S. at 288 n. 2.

## CONCLUSION

For the above stated reasons, this Court will stay the proceedings pending the outcome of *Julia Sakura, as Personal Representative v. United Drilling, et al.*, First Judicial District Court, No. D-101-CV-2008-00240.

_____
**BRUCE D. BLACK**
**Chief Judge**